Heinold *v.* Pittsburgh Brass Mfg. Company et al., Appellants.

Argued May 6, 1938.

Be-
fore KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD,
PARKER and RHODES, JJ.

*Gustav M. Berg,* with him *James J. Burns, Jr.,* for
appellant.

*James F. Coyle,* for appellee.

OPINION BY STADTFELD, J., July 19, 1938:

This is an appeal by the Pittsburgh Brass Manu-
facturing Company, defendant, and the Globe Indem-
nity Company, insurance carrier, from a judgment of
the court of common pleas entered upon an award of
compensation made by the referee and the board, to
the widow and dependent children of the deceased, an
employee of the defendant, who, it is alleged, was killed
by an accident arising in the course of his employment.

The decedent, Andrew Heinold, was employed as a
molder by the defendant company. On July 20, 1936,
while at work, he was twice stricken ill and died within
a short time after the second attack. The referee and
the board found that the deceased died as a result of

heat exhaustion produced by over-exertion while working during continuous extreme heat, and awarded compensation. The court of common pleas entered judgment upon the award. This appeal followed.

Appellants contend that there is no legally competent nor sufficient evidence to sustain the finding by the referee and the board that decedent's death was the result of over-exertion and heat exhaustion and hence accidental.

On March 16, 1937, the hearing for compensation was held before the referee. It appears from the evidence introduced at that hearing, that the decedent was in good health when he left his home on the morning of his death. He reported for work at 8:00 o'clock at the foundry of the defendant company and, for a time, performed his customary duties, which consisted, in part, of lifting heavy molds. About 11:00 o'clock, he was found lying on the floor, face downward, and partially unconscious. He was assisted from the room and sat outside by the door until 12:30 P. M., when he returned to his work. Between 3:00 and 3:30 P. M., he collapsed and was taken outside the plant. He died about 4:00 P. M.

The room in which decedent had been working is shown by a plan offered in evidence to have floor dimensions of about 54 by 46½ feet. In one corner, separated by steel partitions, are three pit furnaces and two small "open flame" or blast furnaces.

The temperature on the outside on the day of decedent's death was 71 degrees at 9:00 A. M., 73 degrees at 10:00 A. M., 74 degrees at 11:00 A. M., and 79 degrees between 3:00 and 4:00 o'clock in the afternoon. A fellow worker of decedent's testified that the temperature in the foundry room was 25 to 30 degrees higher than the outside temperature. He also testified that the day was close, sultry and "sickening warm."

One medical witness, Dr. Paul H. Franklin, called by

the claimant, testified in answer to a hypothetical question, embodying substantially the above facts, that in his opinion, decedent's death was caused by heat and exhaustion.

On April 5, 1937, the referee made a personal investigation of the place where decedent worked and questioned workmen there. The results of the investigation were not placed on record, neither does it appear that the parties were given an opportunity to question, explain or interpret by proper examination or cross-examination, the matters which came to his knowledge.

Appellant assigns as error this action on the part of the referee and any findings of fact by the referee based wholly or in part upon the results of his personal visit. The referee's sixth finding of fact reads as follows: "After taking of considerable testimony and *personal visit to the plant* your referee believes and so finds as a fact that the deceased died, as a result of heat exhaustion produced by over-exertion while working during continuous extreme heat." (Italics supplied.)

The right of the referee to make a personal investigation is not questioned. But his failure to place the results of his investigation upon the record and to call the witnesses who were examined by him at the foundry and subject them to cross-examination constitute the source of his error. It is impossible to ascertain what facts were made known to him, through his investigation, and to what extent they formed the basis for his ultimate findings. The danger of unintentionally injecting personal views into a proceeding where a single individual is the finder of facts is intended to be remedied by the requirement that the matters coming to the attention of the referee be put in evidence so as to permit examination and contradiction.

The principle involved is clearly set forth in *Shortz v. Farrell,* 327 Pa. 81, 85, 193 A. 20, where Mr. Justice STERN said: "It is true that section 417 of the Act of

June 2, 1915, P. L. 736, as amended by section 6 of the Act of June 26, 1919, P. L. 642, permits the Board or a referee, of its or his own motion, either before, during, or after a hearing, to make an investigation of the facts set forth in the petition or answer, but this does not justify an award being based wholly or in part upon an ex parte investigation and unknown sources of information; whatever is thus ascertained must 'be shown in the record and be open to challenge and opposing evidence. Facts conceivably known to the deputy commissioner (Workmen's Compensation referee), but not put in evidence so as to permit scrutiny and contest, will not support a compensation order': *Crowell v. Benson,* 285 U. S. 22, 48."

Accordingly, we are of the opinion that the judgment of the court below entered upon the award of compensation based upon the present state of the record, cannot stand.

The case must therefore be remitted to the court below with directions to remit the same to the Workmen's Compensation Board so as to have placed on the record, subject to cross-examination, the additional testimony which was attempted to be elicited by the referee by his personal examination and investigation, with the right on the part of the parties to present such additional testimony as may be necessary under the circumstances.

Judgment reversed and the record remanded to the court below for further proceedings not inconsistent with this opinion.